## PHILBRICK v. READ & Trs.

In foreign attachment, if one of the trustees is a claimant of funds in the hands of other trustees, who make no defence, and the validity of this claim has substantially been raised and tried by jury on an issue between the plaintiff and the claimant as a trustee, the plaintiff is not entitled to another jury trial with the same person as a claimant, on the question of the chargeability of the other trustees.

FOREIGN ATTACHMENT, against Milton Read, principal defendant, and Jacob T. Brown, Edwin Janvrin, and Dora S. Read, trustees. The plaintiff elected to try by jury the liability of the trustees, and the issue, chargeable or not, has been tried between the plaintiff and Dora S. Read, the jury finding her chargeable for $194.09. On the trial of this issue, the plaintiff contended that she was chargeable with promissory notes of $425 and $500 made by Brown to her, and $500 made by Janvrin to her, on the ground that they were really the property of the principal defendant, who is her husband. The plaintiff claims the right to jury trial of the liability of Brown and Janvrin. Other facts appear in the opinion.

*Charles M. Lamprey* and *Edwin G. Eastman*, for the plaintiff.

*Arthur O. Fuller* and *John S. H. Frink*, for Dora S. Read.

BLODGETT, J. The plaintiff has not the right to try the question of the liability of Brown and Janvrin, either by jury or by any other tribunal. They make no defence, and there can be no issue between them and the plaintiff. The notes they disclose are payable to, and are held and claimed by, Mrs. Read. No claim is made that Brown and Janvrin can be chargeable as trustees, unless they are chargeable for the amount of the notes, and hence the only issue that could be tried would be one of title between the plaintiff and Mrs. Read, the claimant. But that question has already been tried and determined in the issue between the plaintiff and Mrs. Read as trustee in this very case, and it cannot be again litigated and brought directly in question by the same parties.

*Judgment should be rendered on the verdict, and Brown and Janvrin discharged as trustees.*

CARPENTER, J., did not sit: the others concurred.